IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NAN J. LUND,                          )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )    1:21CV592
                                      )
PAUL L. DUNBAR GROUP, et al.,         )
                                      )
        Defendants.                   )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant Kenneth Lydell Fox's "*Pro Se* Petition to Proceed *In Forma Pauperis*" (the "IFP Petition") (Docket Entry 1), filed in conjunction with Defendants' untitled document which purports to remove this action from state court (the "Removal Notice") (Docket Entry 2). For the reasons that follow, the Court will grant the IFP Petition for the sole purpose of entering an order remanding this case to state court for lack of subject matter jurisdiction.[1]

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely

---

[1] For reasons stated in William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc., No. 1:11CV887, 2012 WL 214155, at *2-6 (M.D.N.C. Jan. 24, 2012) (unpublished), the undersigned United States Magistrate Judge opts to enter an order rather than a recommendation regarding remand.

because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

"The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted). In considering such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954. Courts regularly remand removal cases at the required initial review of in forma pauperis applications based on frivolousness due to lack of subject matter jurisdiction. See, e.g., Wake Cnty. Hum.

2

Servs. v. Davis, No. 5:12CV413, 2012 WL 7856618 (E.D.N.C. Oct. 24, 2012) (unpublished), recommendation adopted, 2012 WL 7856619 (E.D.N.C. Dec. 12, 2012) (unpublished), aff'd, 530 F. App'x 272 (4th Cir. 2013); Rosproy v. Rosproy, Civ. No. 10-1417, 2010 WL 5479714 (D. Kan. Dec. 30, 2010) (unpublished); Franklin Credit Mgmt. Corp. v. Bryson, No. 1:09CV246, 2009 WL 2151052 (W.D.N.C. July 15, 2009) (unpublished); Fuller v. Evans, No. 1:05CV13, 2005 WL 1743955 (M.D.N.C. Mar. 24, 2005) (unpublished).

Importantly, "[t]he burden of demonstrating jurisdiction resides with the party seeking removal." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (internal quotation marks omitted). Furthermore, this Court "has an independent obligation to assess its subject-matter jurisdiction . . . ." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). In doing so, the Court must "construe removal jurisdiction strictly because of the significant federalism concerns implicated." Dixon, 369 F.3d at 816 (internal quotation marks omitted). If federal jurisdiction appears doubtful, the Court must remand the action to state court. Id.

## DISCUSSION

The Removal Notice purports to remove this case from "the General Court of Justice-Superior Court Division Before the Clerk, in Rowan County, North Carolina" (Docket Entry 2 at 1), to this Court, "[i]n accordance with Title 28 section 1441 U.S.C. 1443(1)

3

and 1443(2)" (id.; see also Docket Entry 2-1 ("Notice of Foreclosure Hearing" directed to "Paul L. Dunbar Group c/o Kenneth Lydell Fox" documenting that "Nancy J. Lund, as Noteholder, intends to commence foreclosure" as to "820 South Long Street[,] East Spencer, North Carolina 28039" (standard capitalization applied))). As an initial matter, Defendants did not comply with the removal procedures set forth in 28 U.S.C. § 1446. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). With that notice, the defendant must include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

Defendants filed only the Removal Notice and the Notice of Foreclosure Hearing, thereby failing to satisfy the requirements of Section 1446(a). In addition, the Removal Notice does not allege when Defendants received a copy of the initial pleading (see Docket Entry 2) and the Notice of Foreclosure Hearing bears a date of June 11, 2021 (see Docket Entry 2-1 at 3), more than 30 days before Defendants filed the Removal Notice (see Docket Entry 2 at 1). As a result, Defendants have not shown that they removed this action in a timely manner. Apart from those issues, the Court lacks subject matter jurisdiction over this action.

4

The Removal Notice states that "[j]urisdiction is conferred upon this [C]ourt pursuant to 28 U.S.C. 1331 in that claims alleged therein arises [sic] under the laws of the United States." (Id. at 3 (stray comma omitted); see also id. ("This [C]ourt has jurisdiction over all the lower courts and should hear claims where fraud on the court is evident, and being facilitated by attorneys, elected officials, and lay individuals, representing and mis-representing themselves as corporate authorities, while knowing that such entities are now incapacitated, and continuing to create harm and injury to the defendants, their families, and property without just cause. . . .  This [C]ourt has supplemental jurisdiction pursuant to 28 U.S.C. 1367 to hear and determine Plaintiff's [s]tate law claims because those claims are related to Plaintiff's [f]ederal [c]laims and rise [sic] out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution.").)  In other words, Defendants seek to remove this foreclosure action based on federal question jurisdiction; however, foreclosure actions do not support federal question jurisdiction. See Trustee Servs. of Carolina, LLC v. Rivera, No. 3:12CV146, 2012 WL 1645534, at *2 (W.D.N.C. May 2, 2012) (unpublished) ("As a matter of law, foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction."); In the Matter of the Foreclosure of the Deed of Trust Dated Feb. 8,

5

1999, No. 1:03CV527, 2003 WL 21664204, at *2 (M.D.N.C. July 14, 2003) (unpublished) ("[B]ecause the state court action that [the defendants] are attempting to remove is a foreclosure proceeding, there is no federal question jurisdiction that arises in the instant matter.").

Nor does the Removal Notice's conclusory invocation of federal trademark or false advertising law (see Docket Entry 2 at 6) or federal criminal statutes (see id. at 9 (quoting 18 U.S.C. §§ 241, 242)) establish a jurisdictional basis for removal:

> [Section] 1331 federal question jurisdiction is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law; actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question. In other words, a defendant may not defend his way into federal court because a federal defense does not create a federal question under § 1331.

In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006) (internal citation omitted); see also Vecchione v. Option One Mortg. Co., No. 1:09CV380, 2009 WL 3435166, at *1 (M.D.N.C. Oct. 16, 2009) (unpublished) ("The underlying action is a state court action for foreclosure. The complaint in the action raised no federal issues. The fact that [the defendants] now seek[] to raise federal issues in this action and in [their] removal petition does not make the action removable on the basis of a federal question. It is axiomatic that a federal question must appear on the face of the well-pleaded complaint, and raising a federal counterclaim or

6

defense does not make the action removable on the basis of a federal question." (internal quotation marks omitted)).  Put another way, the fact that Defendants may wish to present a federal question in connection with this state foreclosure action does not permit removal to this Court.  See Fuller, 2005 WL 1743955, at *1.

Accordingly, because the Court lacks original subject matter jurisdiction over this action, Defendants cannot remove it under Section 1441 (using the procedure established in Section 1446). See 28 U.S.C. § 1441 (permitting removal where court possesses original jurisdiction).  Finally, to the extent Defendants seek to remove this action under Sections 1443(1) and 1443(2) (see Docket Entry 2 at 1), that endeavor fails.  To begin, Section 1443(1) applies only upon a showing that the state court would deny the removing party a right "aris[ing] under a federal law 'providing for specific civil rights stated in terms of *racial equality*.'" Wilkins v. Rogers, 581 F.2d 399, 403 (4th Cir. 1978) (internal ellipses omitted) (italics in original) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)).  In addition, Section 1443(2) "is available only to federal officers and to persons assisting such officers." City of Greenwood v. Peacock, 384 U.S. 808, 815 (1966). Defendants have not alleged (much less shown) that they have suffered the denial of federal civil rights related to racial equality or that they qualify as a federal officer or person

7

assisting a federal officer.  (See Docket Entry 2.)  Defendants' attempted removal thus cannot stand.[2]

CONCLUSION

This Court lacks subject matter jurisdiction over this action.

**IT IS THEREFORE ORDERED** that Defendant Fox's IFP Petition (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING ENTRY OF AN ORDER REMANDING THIS CASE TO STATE COURT**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Rowan County Superior Court, Rowan County, North Carolina, for lack of subject matter jurisdiction.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

July 21, 2021

---

[2] As quoted above, Defendants also assert supplemental jurisdiction under Section 1367. (See Docket Entry 2 at 3.)  In the absence of some separate basis for subject matter jurisdiction over at least one claim, this Court lacks supplemental jurisdiction over any other claims.  See 28 U.S.C. § 1367 (limiting the Court's exercise of supplemental jurisdiction to "any civil action of which the district courts have original jurisdiction").  Lastly, although Defendants have not invoked diversity jurisdiction (see Docket Entry 2), any such effort would fail (see id. at 11 (giving addresses for Plaintiff and Defendant Fox in North Carolina)).